IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-08-720 (1) |
| | § | C.A. No. C-09-129 |
| FERNANDO MEDINA-PALOMO, | § | |
|     Defendant/Movant. | § | |

## ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL

Pending before the Court is Fernando Medina-Palomo's ("Medina-Palomo") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 24.) The United States filed a combined response and motion to dismiss. (D.E. 35, 36.) After seeking an extension of time to reply, Medina-Palomo filed a reply (D.E. 38). The Court GRANTS Medina-Palomo's motion for extension of time to file his reply (D.E. 37) and has considered the reply in its entirety.

For the reasons set forth below, the Court withholds ruling at this time on all of the grounds for relief asserted by Medina-Palomo, except for his claim that his counsel failed to timely file a notice of appeal when requested to do so. As to this claim, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies this claim, it will subsequently address his remaining grounds for relief.

### I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2008, Medina-Palomo was charged in a single-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 7.) On November

25, 2008, Medina-Palomo pleaded guilty pursuant to a written plea agreement. (D.E. 13, 14.) The plea agreement did not include a waiver of Medina-Palomo's right to appeal or to collaterally attack his sentence under 28 U.S.C. § 2255. (See generally D.E. 14.)

Pursuant to this Court's Order, the probation department prepared a Presentence Investigation Report ("PSR"). (D.E. 15, 16.) The PSR calculated Medina-Palomo's offense level as an 8, but added an additional 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because Medina-Palomo was previously deported after an alien smuggling offense. (PSR at ¶¶ 10-11.) After a three-level adjustment for acceptance of responsibility, his total offense level was 21. (PSR at ¶¶ 15-19.) Coupled with his criminal history category of II (PSR at ¶ 20-22), his advisory guideline range was 41 to 51 months. (PSR at ¶ 32.)

On February 6, 2009, the case was called for sentencing. At sentencing, the Court imposed a non-guidelines sentence, as requested by Medina-Palomo's counsel. (See D.E. 32, Sentencing Transcript ("S. Tr.") at 7-10, 14, 18.) The Court sentenced Medina-Palomo to 36 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and also imposed a $100 special assessment. (D.E. 19, 21.) Judgment was entered on February 10, 2009. (D.E. 21.) Medina-Palomo did not appeal. Throughout the underlying criminal proceedings, Medina-Palomo was represented by appointed counsel Assistant Federal Public Defender Gerardo Carlos Flores.

Medina-Palomo's § 2255 motion was received by the Clerk on June 4, 2009. (D.E. 24.) It is timely.

### III. MOVANT'S ALLEGATIONS

Medina-Palomo's motion contains six grounds for relief. In his first ground for relief, he alleges that his counsel was constitutionally ineffective due to several alleged failures. These include counsel's alleged failure to file unspecified objections to the Presentence Investigation Report, his failure to file a notice of appeal after telling Medina-Palomo he would do so, and a failure to "show up to see [Medina-Palomo] at jail" as counsel had promised. (D.E. 24 at 5.)

Second, Medina-Palomo contends that his sentence violates the Eighth Amendment of the United States Constitution because it constitutes a cruel and unusual punishment. He explains that he only came to the United States because his father had died and there was no one else to come across the border to receive the body and make funeral arrangements. Medina-Palomo argues that he "never intended to violate the law" and that he came to the United States not because he did not have respect for the law but for a "humanity reason." (D.E. 24 at 6-7.)

Third, Medina-Palomo argues that his sentence was erroneous because it was "greater than necessary" to meet the goals of sentencing set forth in 18 U.S.C. § 3553(a). (D.E. 24 at 8.)

In his fourth ground for relief, Medina-Palomo argues that his sentence violates the First, Sixth, Seventh, and Fourteen Amendments. Specifically, he contends that he is being treated more harshly than similarly-situated United States citizens because the citizens are entitled to half-way house placement within the BOP or to early release, and he, as an alien, is not. He claims that this constitutes discrimination in violation of the Constitution. (D.E. 24 at 9-10.)

His fifth ground is related to his fourth. Specifically, Medina-Palomo claims that he should have received a downward departure because his status as an alien means he faces "more severe restrictions in prison than non-aliens." (D.E. 24 at 15.)

Sixth and finally, Medina-Palomo argues that he should have received a downward departure for "aberrant conduct." He claims that, other than his prior offense, for which he served his prison time and met every condition of his supervised release, he has obeyed the law. Again, he points to the fact that he came to the United States solely due to his father's death and in an attempt to bury his father, and not because he planned to break the law.

In its response, the United States contends that Medina-Palomo is not entitled to either an evidentiary hearing or as to relief as to any of his claims. The United States also moves to expand the record to include the affidavit filed by AFPD Flores, which the Court GRANTS. The Court has considered Flores' affidavit.

The majority of Medina-Palomo's reply is devoted to a discussion of his claim that his attorney failed to appeal and cites to legal authority in support of that claim. He also reiterates a number of arguments in support of his other grounds for relief. Finally, he attaches to his reply various documents, including his father's death certificate and a letter from the funeral home, that purport to validate his claim that the only reason he came back to the United States was to handle arrangements after his father's death. (See D.E. 38.)

## IV. ANALYSIS

In evaluating Medina-Palomo's claim that his counsel failed to appeal, the Court notes that there is conflicting evidence on this point. In his affidavit, AFPD Flores avers that he recollects meeting with Mr. Medina immediately following his sentencing and that it is his practice to meet with his clients after the sentencing to discuss their rights ro appeal. (D.E. 34 at ¶ 8.) He further states that his records reflect that he had a brief meeting with Mr. Medina regarding his decision to appeal on the date of his sentencing. (Id.) He continues: "I do not have a specific memory of the

4

conversation regarding the appeal, but my notes regarding the meeting state that Mr. Medina did not request an appeal." (Id.) He further testifies:

> I was well aware of my obligation to file a notice of appeal if the client directed me to do so. Had Mr. Medina directed me to file a notice of appeal, I would have done so. I would almost certainly remember such a request because it would entail appealing a sentence that resulted in a downward departure. I would also certainly discuss with the client the fact that he would be appealing a sentence that resulted in a downward departure, but I would not have hesitated to file the notice if so instructed.

(D.E. 34 at ¶ 9.)[1]

Contrary to Mr. Flores' testimony, Medina-Palomo claims, in both his initial § 2255 motion and his reply, that he told his attorney he wanted to appeal, although he is less clear about when those conversations occurred and what was said. For example, he states that he is being truthful when he says that "he ask his attorney for an appeal but the attorney told him that he should not even try to do it." (D.E. 38 at 7.) This seems to indicate a clear consultation regarding his appellate rights. Later in his reply, however, Medina-Palomo claims that counsel never consulted with him about appealing after he was sentenced. (D.E. 38 at 8.)

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484. Moreover, a *pro se* movant need not state

---

[1] Mr. Flores' affidavit actually contains two paragraphs labeled with the number 8. The Court treats the second of these as Paragraph 9.

the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

The United States contends that Medina-Palomo is not entitled to an evidentiary hearing as to his failure to appeal claim because he merely presents unsupported averments that he requested counsel to appeal. (D.E. 36 at 10.) It argues that because Medina-Palomo has not shown by a preponderance of the evidence that he requested an appeal, he is not entitled to relief. It is not necessary, however, that a § 2255 Movant make such a preponderance showing before being entitled to an *evidentiary hearing*. See Rule 8, 2255 Rules. Instead, where a § 2255 movant alleges a failure on the part of his counsel to appeal, that is sufficient to require an evidentiary hearing. See United States v. Tapp, 491 F.3d 263 (5th Cir. 2007). In numerous decisions (although many are unpublished), the Fifth Circuit has required an evidentiary hearing on a failure to appeal claim under circumstances indistinguishable from the instant case. See, e.g., United States v. Thomas, 216 F.3d 1080, 2000 WL 729135 (5th Cir. May 15, 2000) (unpublished) (court abused its discretion in denying § 2255 claim without evidentiary hearing where Defendant alleged she requested her attorney to her appeal and counsel failed to do so, despite an affidavit from counsel flatly denying the allegation and the court's assessment of movant's allegations as "conclusory."); United States v. Taylor, 270 Fed. Appx. 363, 2008 WL 783742 (5th Cir. March 25, 2008) (unpublished) (district court abused its discretion in failing to hold evidentiary hearing to determine whether defense counsel had been instructed to appeal); United States v. Sheid, 248 Fed. Appx. 543, 2007 WL 2752376 (5th Cir. Sept. 20, 2007) (unpublished) (citing Tapp and holding that "[b]ecause the record in the instant case does not conclusively show whether and when Sheid requested that his counsel file an appeal, an evidentiary hearing is necessary"); United States v. Alvarez, 172 Fed. Appx. 587,

2006 WL 775140 (5th Cir. Mar. 27, 2006) (unpublished) (where movant's § 2255 motion swore under penalty of perjury that he had asked attorney to appeal, the district court abused its discretion by denying claim without holding an evidentiary hearing).

Consistent with the foregoing authority, the Court concludes that Medina-Palomo is entitled to an evidentiary hearing to determine whether he told Flores to prosecute the appeal, as he contends, or whether, as Mr. Flores has testified, Medina-Palomo never asked him to appeal. In short, the Court is unable to determine on the current record that Medina-Palomo is not entitled to relief. Instead, the Court must hold a hearing to assess the credibility of the parties. See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Medina-Palomo's motion, it is unnecessary for the Court to address them at this time. If the Court rules in Medina-Palomo's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Medina-Palomo's remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Medina-Palomo's ineffective

assistance claim concerning his appeal, it will subsequently address Medina-Palomo's remaining grounds for relief.

## V. CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the issue of whether Medina-Palomo was denied effective assistance of counsel due to his counsel's alleged failure to appeal. **The evidentiary hearing is set for 10:00 a.m. on Wednesday, January 20, 2010.**

Medina-Palomo is entitled to be represented by counsel at the hearing. See Rules Governing Section 2255 Proceedings 8(c). The financial information previously provided by Medina-Palomo and set forth in his Presentence Investigation Report show that Medina-Palomo is financially unable to afford retained counsel. Accordingly, attorney Fred Jimenez, 509 Lawrence, Suite #301, Corpus Christi, TX 78401, (361) 888-7744, is hereby appointed to represent Medina-Palomo. The Clerk is directed to send a copy of this Order to Mr. Jimenez, as well as directly to Medina-Palomo and to counsel for the United States.

Finally, the Court GRANTS Medina-Palomo's motion for extension (D.E. 37) and also GRANTS the United States' motion to expand the record to include the affidavit of AFPD Flores (D.E. 34), which the Court has considered.

It is so ORDERED this 10th day of November, 2009.

_____
Janis Graham Jack
United States District Judge